UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAVELLE SEARCY,

        Petitioner,        Case Number: 2:08-CV-13790

v.        HON. STEPHEN J. MURPHY, III

JOHN OCWIEJA,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION FOR IMMEDIATE CONSIDERATION AND MOTION FOR APPOINTMENT OF COUNSEL

Petitioner Lavelle Searcy, a state inmate currently incarcerated at the Hiawatha Correctional Facility in Kincehloe, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner also has filed a Motion for Immediate Consideration and Motion for Appointment of Counsel.

In his Motion for Immediate Consideration, Petitioner argues that his petition should be decided immediately because, if the Court grants his claim regarding sentencing credit, his recalculated, earliest release date is August 23, 2008, and he has, therefore, now exceeded his earliest release date. Rule 4, Rules Governing Section 2254 Cases, grants a district judge discretion to set a fixed time within which an answer to a habeas corpus petition must be filed. The Court has issued an Order Requiring Responsive Pleading, directing Respondent file an answer to the petition by March 9, 2009. Assuming that, if successful in his habeas claim regarding sentencing credits, Petitioner's earliest release date was August 23, 2008, Petitioner's maximum discharge date remains sometime in 2035. Petitioner provides no compelling reasons indicating

that the Michigan Parole Board would release him on parole 27 years prior to his maximum discharge date. Moreover, the petition does not appear to present a substantial claim of law or any circumstance warranting special treatment. The Court endeavors to adjudicate all matters, including habeas corpus petitions, in as timely a manner as justice requires and the Court's pending caseload allows. Once the answer and the relevant state court record have been filed, the Court will address the merits of the petition. Thus, the Court will deny the motion as unnecessary.

Also before the Court is Petitioner's Motion for Appointment of Counsel. There exists no constitutional right to the appointment of counsel in civil cases, and the court has broad discretion in determining whether counsel should be appointed. *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) ("[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege and not a right.") (internal quotation omitted). A habeas petitioner may obtain representation at any stage of the case "[w]henever the United States magistrate or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). In the instant case, the Court determines after careful consideration that the interests of justice do not require appointment of counsel at this time, and will deny the motion without prejudice.

Accordingly, **IT IS ORDERED** that Petitioner's "Motion for Immediate Consideration" [dkt. # 8] is **DENIED** and his "Motion for Appointment of Counsel" [dkt. # 10] is **DENIED WITHOUT PREJUDICE**.

        s/Stephen J. Murphy, III
        STEPHEN J. MURPHY, III
        United States District Judge

Dated: December 3, 2008

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 3, 2008, by electronic and/or ordinary mail.

        s/Alissa Greer
        Case Manager