**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

LAVELLE SEARCY,

        Petitioner,                   Case Number: 2:08-CV-13790

v.                                         HONORABLE STEPHEN J. MURPHY, III

JOHN OCWIEJA,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DENYING CERTIFICATE OF APPEALABILITY**

Petitioner Lavelle Searcy has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Searcy is currently incarcerated pursuant to convictions for breaking and entering a building with intent, attempted breaking and entering a building with intent, possession of burglar's tools, and possession of a controlled substance analogue. He challenges the sentencing court's failure to provide him credit for the time he served in jail awaiting sentencing. For the reasons set forth below, the Court denies the petition.

**I.**

On February 6, 2007, Searcy pleaded guilty but mentally ill to attempted breaking and entering a building with intent, possession of burglar's tools, and possession of a controlled substance analogue. On the same date, in a consolidated case, Searcy pleaded guilty but mentally ill to breaking and entering a building with intent. He was sentenced on March 13, 2007, to 24 to 60 months' imprisonment for the attempted breaking and entering conviction, 24 to 120 months' imprisonment for the breaking and entering conviction, 24 to

120 months' imprisonment for the possession of burglar's tools conviction, and 15 to 24 months' imprisonment for the possession of a controlled substance conviction.

Searcy filed a request to grant jail credit in the trial court, arguing that he should have been awarded 211 days credit for time served from the date of his arrest on August 13, 2006 until the date of sentencing. The trial court denied the motion and a subsequent motion for reconsideration because Searcy was on parole at the time he was arrested and, therefore, was not entitled to credit against his sentences for the time he was held on a parole detainer. *People v. Searcy*, No. 2006-3793-FH, 2007-0052-FH (Macomb County Circuit Court July 26, 2007).

Searcy filed an application for leave to appeal in the Michigan Court of Appeals, raising the following claim:

> Where the 211 days served by Mr. Searcy (prior to sentencing) was not required in service toward his sentence on the paroled offense, is Mr. Searcy entitled to have the 211 days credited toward his sentences for the instant offense?

The Michigan Court of Appeals denied leave to appeal. *People v. Searcy*, No. 282489 (Mich. Ct. App. Jan. 14, 2008).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the following claims:

> I. Defendant-appellant is entitled for credit for the time spent in jail prior to sentencing.
>
> II. Ineffective assistance of appellate counsel.

The Michigan Supreme Court denied leave to appeal, *People v. Searcy*, 480 Mich. 1189 (2008), and denied a motion for reconsideration. *People v. Searcy*, 482 Mich. 899 (2008).

2

Searcy then filed the pending petition for a writ of habeas corpus.

## II.

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application occurs" when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 410-11.

3

**III.**

Respondent argues that the petition should be dismissed without prejudice because Searcy failed to exhaust his state court remedies with respect to two of the four claims raised in the petition. In response, Searcy argues that he raises a single, exhausted claim in his habeas petition.

In his petition, Searcy listed the following claims:

I. Applicant/Petitioner did not receive any jail credit for the time he spent in the Macomb County Jail awaiting sentencing. He is requesting jail credits for the 222 days he spent in jail prior to sentencing.

II. Waiver of court costs and other fees.

III. Ineffective assistance of counsel (failure to communicate with Searcy).

IV. Ineffective assistance of counsel (failure to present an adequate defense, failure to raise jail credit and indigence issues).

In response to Respondent's answer, Searcy states that he was confused by the form petition and did not intend to raise four claims in the petition. He states that he intended to raise a single issue – that related to the calculation of credit for time served while awaiting sentencing.

The Court finds that this claim was properly exhausted in state court as it was raised both in the Michigan Court of Appeals and Michigan Supreme Court. The Court, therefore, will address the merits of this claim.

**IV.**

Searcy argues that he was improperly denied sentencing credit for time served in jail before his sentences for these crimes, which he committed while on parole. The trial court denied Petitioner's request for credit for time served prior to sentencing. The trial

4

court reasoned, in pertinent part:

> [A] defendant is only entitled to a sentencing credit under M.C.L. 769.11b if he has been denied or [is] unable to furnish bond, . . . and bond is neither set nor denied when a defendant is held in jail on a parole detainer. . . . Since a parolee who is arrested for a new criminal offense is held on a parole detainer until convicted of that offense the parolee is not entitled to credit for time served on the new offense. *People v. Stead*, 270 Mich. App. 550, 551-552; 716 N.W.2d 324 (2006); M.C.L. 791.238(2). . . .
>
> . . . Defendant was on parole at the time he was arrested for the current offenses. Because he was a parolee at the time of his arrest, his incarceration prior to sentencing was not the result of him having been denied, or having been unable to furnish, bond. Therefore, defendant is not entitled to credit against the present sentences for the time he was held on a parole detainer.

*Searcy*, No. 2006-3793 & No. 2007-0052, slip op. at 2-3.

A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only. *See Howard v. White*, 76 F. App'x 52, 53 (6th Cir.2003). It is well-settled that state law issues are not cognizable on federal habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Moreover, under Michigan law, when a parolee is arrested for a new criminal offense, he is held on a parole detainer until he is convicted of that offense and is not entitled to credit for time served in jail on the sentence for the new offense. *See* Mich. Comp. Laws Ann. § 791.238(2); *People v. Stewart*, 203 Mich. App. 432, 433 (1994). Searcy was on parole when he committed the offenses at issues in this case. Accordingly, the trial court's failure to credit Petitioner's sentence was in keeping with Michigan law. *See Gora v. Romanowski*, No. 05-cv-74438, 2005 WL 3465725, *2 (E.D. Mich. Dec. 16, 2005). Because the petitioner was being held on a parole detainer on a prior conviction, he would not be entitled to receive any jail credit against his sentence for his new offense under Michigan law.

The Court therefore concludes that Petitioner is not entitled to habeas relief on this claim.

**V.**

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition does not state a claim upon which habeas relief may be warranted. Therefore, the Court denies a certificate of appealability. The Court also denies Petitioner leave to proceed *in forma pauperis* on appeal as any appeal would be frivolous and cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

**VI.**

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claim contained in his petition

Accordingly, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability and leave to proceed *in forma pauperis* on appeal are **DENIED**.

        s/Stephen J. Murphy, III
        STEPHEN J. MURPHY, III
        United States District Judge

Dated: April 12, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 12, 2010, by electronic and/or ordinary mail.

        s/Alissa Greer
        Case Manager